IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RIGHT AT HOME, INC., a Nebraska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ATL-SOUTH HEALTH SERVICES, INC., a Georgia corporation,<br><br>Defendant. | CASE NO. 8:06CV292<br><br>MEMORANDUM AND ORDER ON PRELIMINARY INJUNCTION |

This matter is before the Court on Plaintiff's Application for Preliminary Injunction to Preserve the Status Quo. (Filing No. 8). The matter has been fully briefed, and the Court has considered the evidence submitted. For the reasons stated below, RAH's application for preliminary injunction will be granted.

## FACTS

Plaintiff, Right at Home, Inc. ("RAH"), is a Nebraska corporation that establishes, develops and operates in-home care, assistance, and companionship services to seniors and others and provides supplemental staffing services for nursing homes, hospitals and other medical settings. (Filing No. 1 ("Complaint") ¶ 3). RAH is the owner of the right, title, interest, and goodwill connected to the trade names, service marks, and trademarks "Right at Home" and "RAH Staffing Services." (*Id.*).

Defendant, ATL-South Health Services, Inc. ("ATL"), is a Georgia corporation and a franchisee of RAH. (*Id.* ¶ 4). RAH granted ATL the right to use RAH's marks pursuant to the terms of the franchise agreements between the parties. (*Id.*). The franchise agreements authorize ATL to use RAH's system and marks in Atlanta, Georgia, for the

areas referred to as "South Atlanta" and "North Atlanta," which are defined by zip codes in the franchise agreements. (*Id.* ¶ 5).

Greater Atlanta is a separate RAH franchisee in the Atlanta, Georgia, metropolitan area referred to as the "Greater Atlanta Area," which is a separate and exclusive designated area. (*Id.* ¶ 6). RAH granted Greater Atlanta the exclusive right to furnish services under the RAH system in the Greater Atlanta Area. (*Id.*). ATL is prohibited from performing services under the RAH system outside of its designated South Atlanta and North Atlanta areas. (*Id.*).

RAH filed a Complaint for injunctive relief and damages against Defendant ATL, alleging ATL has encroached on the Greater Atlanta Area by providing services to at least eighteen customers in the Greater Atlanta Area. (*Id.* ¶ 7). RAH claims ATL is liable under theories of: 1) trademark infringement and remedies under the Lanham Act; 2) false designation of origin and remedies under the Lanham Act; 3) common law trademark infringement; 4) unfair competition; 5) breach of contract; and 6) deceptive trade practices. (*Id.* ¶¶ 8-35). RAH also seeks declaratory relief. (*Id.* ¶¶ 36,37).

RAH filed an Application for Preliminary Injunction to Preserve the Status Quo. (Filing No. 8). ATL is not opposed to the Court entering a preliminary injunction during the pendency of the litigation. (Filing No. 13-1). ATL submitted a proposed preliminary injunction. (Filing No. 13-2). Counsel for RAH informed the Court that RAH is no longer seeking oral argument, and RAH submitted a proposed preliminary injunction that modifies and clarifies ATL's proposed preliminary injunction.

## DISCUSSION

Because ATL does not oppose a preliminary injunction in this matter, the Court will grant RAH's Application for Preliminary Injunction (Filing No. 8). Therefore, the only issue

remaining for the Court concerns the form of the preliminary injunction. RAH's proposed preliminary injunction provides more specificity than ATL's propose preliminary injunction. In particular, RAH's proposed preliminary injunction provides a mechanism for transition of patients from ATL to RAH. RAH requests that ATL be required to identify each of the patients who is currently being served by ATL outside of ATL's designated area. Furthermore, RAH requests that ATL provide RAH with the patients' records and contact information, so that RAH can notify the patients of the change in service providers. (Filing No. 14 at 2, 7). Due to the nature of the services RAH and ATL provide, the Court finds it is necessary to provide a mechanism for a smooth transition for the affected patients.

RAH also clarified ATL's proposed preliminary injunction to cover indirect actions which violate the terms of the franchise agreements and to control the conduct of individuals bound by the franchise agreements, in addition to ATL. (*Id.*). The Court finds these proposals and the other minor changes RAH made to ATL's proposed preliminary injunction are appropriate as well. More specificity, rather than less, is appropriate under these circumstances.

For the reasons stated in this Memorandum,

IT IS ORDERED:

Plaintiff's Application for Preliminary Injunction to Preserve the Status Quo (Filing No. 8) is granted as follows:

1. Defendant ATL-South Health Services, Inc. ("ATL") and its successors in interest, agents, employees and all persons acting by, through or under ATL and all persons subject to ATL's supervision or control or acting in concert with ATL (collectively the "ATL Group") are hereby enjoined from any direct or indirect, current or future, operation, infringement or encroachment with

or upon the Greater Atlanta Designated Area or upon any other area outside of ATL's Designated Area. Further, ATL is hereby barred from any current or future infringement upon the Right at Home, Inc. ("RAH") trademarks.

2. For all ATL customers being served by the ATL Group outside of ATL's Designated Area, ATL shall:

   A. Within five (5) days from the date of this Preliminary Injunction, identify such clients or customers in writing to RAH, including names, addresses and phone numbers for each customer;

   B. Within two (2) weeks after the date of this Preliminary Injunction relinquish and deliver to RAH, or as directed by RAH in accordance with the terms and provisions of the franchise agreements, copies of such clients' or customers' complete medical and financial records kept by ATL for such clients; and

   C. Thereafter promptly shall cease servicing such clients or customers.

3. During the pendency of this litigation, ATL shall conduct its business in conformity with the terms and provisions of the franchise agreements.

4. This Preliminary Injunction shall continue in full force and effect during the pendency of this litigation and until further Order of the Court, and the Court retains jurisdiction to supervise and control the enforcement of this Preliminary Injunction.

DATED this 12th day of June, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge