UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RIGHT AT HOME, INC., a Nebraska corporation, | Case No. 8:06-CV-00292 |
| Plaintiff, | |
| vs. | JUDGMENT AND PERMANENT INJUNCTION |
| ATL-SOUTH HEALTH SERVICES, INC., a Georgia corporation, EDDIE AMOAKUH, Individually, | |
| Defendants. | |

This matter is before the Court upon the parties' Joint Stipulation and Motion for Judgment and Permanent Injunction. The Court being fully advised on the premises, having issued its earlier Preliminary Injunction, and noting the Amended Complaint filed by RAH, finds that the Preliminary Injunction should be made permanent along with the remainder of the final disposition of this matter as stipulated by the parties hereto.

IT IS ORDERED:

The parties' Joint Motion (Filing No. 22) is granted, and judgment is entered as follows:

1. The Court finds and declares that the allegations of the Amended Complaint are true, the Franchise Agreements are valid and binding on the Defendants, and that Defendant ATL-South Health Services, Inc. ("ATL") operated outside of its Designated Areas as alleged in the Amended Complaint, and that such operations and any similar operations were a breach of the Franchise Agreements and violated applicable federal and state trademark law as alleged in the Amended Complaint; the Court further finds and declares that Defendant Eddie Amoakuh, who has made an appearance in this matter, is jointly and severally liable for such breach pursuant to the Franchise Agreements;

2. During the term of any of the Franchise Agreements and subject thereafter

    to the non-competition provisions in the respective Franchise Agreements and this Order, Defendant ATL and its successors in interest, agents, employees and all persons acting by, through or under ATL and all persons subject to ATL's supervision or control or acting in concert with ATL, including without limitation Defendant Eddie Amoakuh (collectively the "ATL Group") are hereby enjoined from any direct or indirect, current or future, operation, infringement or encroachment with or upon the Greater Atlanta Designated Area and from any other operation outside of ATL's Designated Areas without RAH's express written consent. Further, the ATL Group is hereby barred from any current or future infringement upon the Right at Home, Inc. ("RAH") trademarks.

3. If they have not already done so, the ATL Group shall immediately fully comply with the remainder of the requirements of the Preliminary Injunction in this matter, including without limitation, the provision to RAH of all customer identities and information as described therein and as required by RAH.

4. During the term of the Franchise Agreements, except as otherwise approved in writing by RAH, the defendants shall devote the required energy and best efforts to the management and operation of the Franchised Business as defined in the Franchise Agreements. In addition, during the term of the Franchise Agreements, except as otherwise approved in writing by RAH, the Defendants shall not, either directly or indirectly, individually or collectively, or in conjunction with any other person or entity:

  (i) divert or attempt to divert any business or client of the Franchised Business to any competitor by direct or indirect inducement or otherwise, or do or perform, directly or indirectly, any other acts injurious or prejudicial to the goodwill associated with the Marks or the System (as defined by the Franchise Agreements);

  (ii) employ or seek to employ any person who is at that

time employed by RAH, or by any other RAH franchisee, or otherwise, directly or indirectly, induce or seek to induce such person to leave his or her employment thereat;

(iii) own, maintain, engage in or have any interest in any business (including any business operated by any of the Defendants prior to the entry into either of the Franchise Agreements) specializing, in whole or in part, in offering or providing non-medical in-home assistance, companionship or staffing services or any other business which offers services the same as or similar to those sold in the RAH System as defined by the Franchise Agreements.

Except as otherwise approved in writing by RAH, the Defendants, individually or collectively, for a period of two years after the expiration of each Franchise Agreement respectively, regardless of the cause of termination, either directly or indirectly, for themselves or through, on behalf of or in conjunction with any person, persons, limited liability company or corporation, own, maintain, engage in, consult with or have any interest in any business engaged primarily in offering and providing non-medical in-home assistance, companionship or medical staffing services same as, or similar to, the type offered in the RAH System as defined in the Franchise Agreements:

(i) within the Metropolitan Statistical Area ("MSA"), as that term is defined by the United States Census Bureau in which ATL operates; or

(ii) within a ten-mile radius of ATL's office currently or any different or additional office in the future; or

(iii) within a radius of ten miles of the location of any other business using the System, as defined by the Franchise Agreement, whether franchised or owned by RAH.

5. The Defendants shall promptly and fully comply with all audit obligations under the Franchise Agreements with RAH, including without limitation

      the quarterly audits agreed by the parties, and RAH's right to audit within its discretion.

6.    The Defendants' failure to comply with any aspect of this Order shall subject ATL to immediate termination under the Franchise Agreements for good cause without any further right to cure.

7.    Pursuant to the agreement of the parties (the parties reference their confidential Settlement Agreement dated August 31, 2006) RAH's claims for damages and attorney fees are dismissed without prejudice to a future action thereon, at RAH's cost.

8.    This Court retains jurisdiction to supervise and control the enforcement of this Permanent Injunction. Subject only to this retention of jurisdiction, this matter is hereby fully concluded.

DATED this 26th day of September, 2006.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge