# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RIGHT AT HOME, INC.**, a Nebraska Corporation, | ) ) ) **CASE NO. 8:06CV292** |
| Plaintiff, | ) ) |
| v. | ) ) **AMENDED JUDGMENT AND** ) **PERMANENT INJUNCTION** ) |
| **ATL-SOUTH HEALTH SERVICES, INC.**, a Georgia Corporation, and **EDDIE AMOAKUH**, Individually, | ) ) ) ) ) |
| Defendants. | ) |

This matter is before the Court on the parties' Joint Stipulation and Motion for Court Approval of Proposed Amended Judgment and Permanent Injunction (Filing No. 46). The Court being fully advised in the premises, having issued its earlier Preliminary and Permanent Injunctions (Filing Nos. 15 and 23), and noting the Amended Complaint (Filing No. 17) filed by Right at Home, Inc. ("RAH"), and RAH's Motion for Order to Show Cause Why Defendants Should not be Held in Contempt ("Contempt Motion") (Filing No. 25), finds that the previous Judgment and Permanent Injunction (Filing No. 23) should be amended as requested by the parties.

IT IS ORDERED:

The parties' Joint Stipulation and Motion for Court Approval of Proposed Amended Judgment and Permanent Injunction (Filing No. 46) is granted as follows:

1. The Court finds and declares that the allegations of the Amended Complaint are true; that the Franchise Agreements are valid and binding on the Defendants; that Defendant ATL-South Health Services, Inc. ("ATL"), operated outside its Designated Areas as alleged in the Amended Complaint

and Contempt Motion; and that such operations and any similar operations were a breach of the Franchise Agreements and violated applicable federal and state trademark law as alleged in the Amended Complaint and Contempt Motion.  The Court further finds and declares that Defendant Eddie Amoakuh, who has made an appearance in this matter, is jointly and severally liable for such breach pursuant to the Franchise Agreements.

2. During the term of any of the Franchise Agreements, and thereafter subject to the non-competition provisions in the respective Franchise Agreements and this Order, Defendant ATL and its successors in interest, agents, employees and all persons acting by, through or under ATL and all persons subject to ATL's supervision or control or acting in concert with ATL, including without limitation Defendant Eddie Amoakuh (collectively the "ATL Group"), are hereby enjoined from any direct or indirect, current or future, operation, infringement or encroachment with or upon the Greater Atlanta Designated Area and from any other operation outside of ATL's Designated Areas without RAH's express written consent. Further, the ATL Group is hereby barred from any current or future infringement on the RAH trademarks.

3. If they have not already done so, the ATL Group shall immediately fully comply with the remainder of the requirements of the parties' Settlement Agreement found at Filing No. 46-3.

4. During the term of the Franchise Agreements, except as otherwise approved in writing by RAH, the defendants shall devote the required energy and best efforts to the management and operation of the Franchised Business as

defined in the Franchise Agreements. In addition, during the term of the Franchise Agreements, except as otherwise approved in writing by RAH, the Defendants shall not directly or indirectly, individually or collectively, or in conjunction with any other person or entity:

    (i)    divert or attempt to divert any business or client of the Franchised Business to any competitor by direct or indirect inducement or otherwise, or do or perform, directly or indirectly, any other acts injurious or prejudicial to the goodwill associated with the Marks or the System (as defined by the Franchise Agreements); or

    (ii)    employ or seek to employ any person who is at that time employed by RAH or by any other RAH franchisee, or otherwise, directly or indirectly, induce or seek to induce such person to leave his or her employment; or

    (iii)    own, maintain, engage in or have any interest in any business (including any business operated by any of the Defendants prior to the entry into either of the Franchise Agreements) specializing, in whole or in part, in offering or providing non-medical in-home assistance, companionship or staffing services or any other businesses which offer services the same as or similar to those sold in the RAH System as defined by the Franchise Agreements.

Except as otherwise approved in writing by RAH, the Defendants, individually or collectively, from the time of the termination of the Franchise Agreements respectively, regardless of the cause of termination, and until March 15,

        2011, shall not directly or indirectly, for themselves or through, on behalf of or in conjunction with any person, persons, limited liability company or corporation, own, maintain, engage in, consult with or have any interest in any business engaged primarily in offering and providing non-medical in-home assistance, companionship or medical staffing services the same as, or similar to, the type offered in the RAH System as defined in the Franchise Agreements:

            (i)    within the Metropolitan Statistical Area ("MSA"), as that term is defined by the United States Census Bureau in which ATL operates except Mr. Amoakuh may provide competitive services in that portion of the MSA located in Coweta County, Georgia; or

            (ii)    within a ten-mile radius of ATL's office currently; or

            (iii)    within a radius of ten miles of the location of any other business using the System, as defined by the Franchise Agreement, whether franchised or owned by RAH, a current list of which is found at Filing No. 46-10; or

            (iv)    within the zip codes set forth in Filing No. 46-14.

5.     The Defendants shall promptly and fully comply with all audit obligations under the Franchise Agreements with RAH, including without limitation the quarterly audits agreed by the parties, and RAH's right to audit within its discretion in relation to pre-termination records, which the ATL Group shall maintain for at least one year after termination.

6.  Pursuant to the parties' Stipulation, the defendants' RAH franchise rights terminate as of April 3, 2009, and after such date the defendants shall strictly comply with the post-termination non-compete Order of Paragraph 4 herein. The parties have agreed to certain remedies for any future violations of this Order and the settlement obligations attached hereto, which agreements the Court will honor through contempt proceedings to the extent permitted by law.

7.  Pursuant to the agreement of the parties, *i.e.*, their earlier confidential Settlement Agreement approved by Order dated September 26, 2006, at Filing No. 23, RAH's claims for damages and attorney fees stand as previously dismissed without prejudice to a future action thereon, at RAH's cost.

8.  The Plaintiff's Motion for Order to Show Cause Why Defendants Should Not Be Held In Contempt (Filing No. 25) is denied as moot in light of the parties' Joint Stipulation and Motion (Filing No. 46).

9.  This Court retains jurisdiction to supervise and control the enforcement of this Amended Permanent Injunction until March 15, 2011. After that date, enforcement of the terms of the parties' Settlement Agreement of February 26, 2009, may be sought through a separate action. Subject only to this retention of jurisdiction, this matter is hereby fully concluded.

DATED this 2nd day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge